UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ X
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                     Plaintiff,            :      **REPORT AND**
                                                       :      **RECOMMENDATION**
       -against-                              :      2:19-cv-4650 (AMD)(PK)
                                                       :
ERNST DUCENA aka ERNST                                 :
DUCENA, M.D.,                                          :
                                                       :
                  Defendant.             :
                                                       :
------------------------------------------------------ X

**Peggy Kuo, United States Magistrate Judge:**

      The United States of America ("Plaintiff") brought this action against Ernst Ducena aka Ernst Ducena, M.D. ("Defendant") under 42 U.S.C. § 254o(c)(1) for failure to complete his service obligation under the U.S. Department of Health and Human Services' National Health Service Corps ("NHSC") Loan Repayment Program ("LRP" or "Program"), 42 U.S.C. § 245*l*-1. (Second Am. Compl., Dkt. 19 ¶ 3.) On referral from the Honorable Ann M. Donnelly is Plaintiff's Second Motion for Default Judgment (the "Motion"). (Dkt. 26.)

      For the reasons stated below, the undersigned respectfully recommends that the Motion be granted.

**FACTUAL BACKGROUND**

      The following facts are taken from the Second Amended Complaint and Exhibits A through I attached to it and are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in its favor).

1

Congress established the NHSC LRP "to recruit and retain medical, nursing, dental, and behavioral/mental health clinicians in eligible communities of need designated as [health professional shortage areas]." (Second Am. Compl. ¶ 7.) The NHSC LRP allows the Secretary of the Department of Health and Human Services ("HHS") to pay a health care professional's student loans in exchange for the professional's commitment to work in a community designated as having a shortage of healthcare professionals. (*Id.* ¶¶ 5, 8.) To enroll in the NHSC LRP, participants sign a contract with HHS, the terms of which are dictated by statute and the implementing regulations. (*Id.* ¶ 15.) *See* 42 U.S.C. § 254*l*-1; 42 C.F.R. § 62 Subpart B.

Defendant applied for and was approved to participate in the NHSC LRP. (Second Am. Compl. ¶ 9.) Defendant was already working full-time at Care for the Homeless – Susan's Place ("Susan's Place"), an "approved …[Program] service site in New York." (Second Am. Compl. ¶ 10.) Pursuant to the terms of the contract signed by Defendant and HHS (the "Contract," Ex. A, Dkt. 19-1), Defendant agreed to work at Susan's Place full-time for two years. (Second Am. Compl. ¶ 17; Contract § B(1); Cert. of Indebtedness, Ex. B, Dkt. 19-2 at 1.) Although Plaintiff signed the Contract on March 10, 2011, the Contract specified that "[t]he Secretary [of HHS] or his or her authorized representative must sign this Contract before it becomes effective." (Contract at 2.) A designee of the HHS Secretary signed the Contract on August 1, 2011, which became the date on which the Contract took effect. (*Id.*; Second Am. Compl. ¶ 12.) Based on the effective date of the Contract, Defendant's two-year commitment would run until July 31, 2013. (Second Am. Compl. ¶ 18.)

In exchange for this two-year commitment, Plaintiff agreed to and did "disburs[e] to the Defendant the sum of $60,000." (Second Am. Compl. ¶ 16; Ex. D, Dkt. 19-4; *see* Contract § B(1).)

On January 31, 2012, Defendant "separated from Susan's Place," having completed only 184 of the 731 days he was contractually obligated to serve. (Second Am. Compl. ¶¶ 21-23.)

2

In a default notice dated December 5, 2013, HHS notified Defendant that he was placed in default for failing to fulfill the requirements of the Contract and that he owed Plaintiff $272,956.58,[1] which was due on October 23, 2012.  (Second Am. Compl. ¶ 26; Ex. E, Dkt. 19-5.)  By letter dated December 6, 2013, HHS notified Defendant that he owed a debt to Plaintiff and that "this account is seriously delinquent."  (Second Am. Compl. ¶ 27; Ex. F, Dkt. 19-6.)  It further stated HHS's "intent to refer this debt to other Federal agencies for the purpose of administrative offset" as a means of collection.  (*Id.*)

In a letter dated January 30, 2014, Defendant was advised that his account had been referred to collection agency NCO Financial Systems, Inc., and that, absent repayment or a repayment agreement, the account would be referred to the U.S. Department of Justice for enforced collection or other federal agencies for administrative offset.  (Second Am. Compl. ¶ 28; Ex. G, Dkt. 19-7.)  Final notice letters dated July 15, 2017, November 3, 2018, and November 22, 2018 were sent to Defendant, demanding full payment and warning that "failure to make repayment arrangements could result in the matter being referred to the Department of Justice."  (Second Am. Compl. ¶ 29; Ex. H, Dkt. 19-8.)  Defendant did not comply with these demands.  (Second Am. Compl. ¶ 29.)

## PROCEDURAL HISTORY

On August 13, 2019, Plaintiff brought suit against Defendant, seeking damages under 42 U.S.C. § 254o(c)(1) for failure to complete his service obligation.  (Compl., Dkt. 1.)  After Defendant failed to answer or otherwise respond to the Complaint, default was entered against him.  Plaintiff filed the First Amended Complaint on January 23, 2020.  (First Am. Compl., Dkt. 10.)  Default was entered against Defendant again, and Plaintiff filed a First Motion for Default Judgment.  (Dkt. 17.)

---

[1] This notice and subsequent letters state a default date of October 24, 2011, when Defendant was excluded from New York Medicaid.  HHS subsequently "adjusted the date of default to tie [Defendant's] breach to the date of his separation from… Susan's Place."  (Second Am. Compl. ¶ 30.)  This adjustment to a later date has the effect of reducing the amount of damages owed by Defendant.  (*Id.*)

3

The Court held an inquest on January 21, 2021, after which Plaintiff filed the Second Amended Complaint on February 2, 2021 (Dkt. 19).  Plaintiff served the Second Amended Complaint on Defendant on February 4, 2021.  (Dkt. 22.)  After Defendant failed to answer, default was entered against him on March 5, 2021.  (Dkt. 25.)

Plaintiff filed the Motion on March 16, 2021, requesting a judgment in "the sum of $179,897.40 in principal, $169,676.06 in interest as of January 25, 2021, plus additional interest accruing at the rate of $51.75 per day from January 26, 2021" until the date of judgment.  (Proposed Judgment, Dkt. 26-15.)

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process regarding default judgment.  First, the Clerk of the Court enters a party's default when a defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Then, the plaintiff can apply to the court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).

Before a court grants a motion for default judgment, the court may, but is not required to, adjudicate personal jurisdiction.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (leaving open the question "whether a district court *must* investigate its personal jurisdiction over [a] defendant before entering a default judgment"); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant").

Additionally, the Court must ensure that (1) the plaintiff took all the required procedural steps in moving for default judgment pursuant to Local Civ. R. 55.2(c); and (2) the plaintiff's allegations, when accepted as true, establish liability as a matter of law.  *Finkel*, 577 F.3d 79 at 84.  "[A] party's

4

default is deemed to constitute a concession of all well pleaded allegations of liability," *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), and the court draws all reasonable inferences in favor of the plaintiff. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Nevertheless, a default is "not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158. Instead, the plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence and detailed affidavits. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991). The amount of damages awarded, if any, must be ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).

## **DISCUSSION**

### I.     **Procedural Compliance**

To establish entitlement to default judgment, a plaintiff must demonstrate proper service of the summons and complaint. *See Advanced Cap. Com. Grp., Inc. v. Suarez*, No. 9-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). An individual may be served according to the law of the state where service is made. Fed. R. Civ. P. 4(e)(1). Plaintiff served Defendant by delivering a copy of the Summons and the Second Amended Complaint to a co-tenant who refused to give her name, "a person of suitable age and discretion," at Defendant's place of residence and then mailing a copy to his residence. (Dkt. 22.) Thus, Plaintiff properly served Defendant. N.Y. C.P.L.R. § 308(2); Fed. R. Civ. P. 4(e).

As part of its Motion, Plaintiff included a notice of motion (Dkt. 26) and a memorandum of law (Dkt. 26-2) in compliance with Local Civil R. 7.1(a)(1) and (2). It also included a copy of the Clerk's certificate of default (Dkt. 26-14), a copy of the Second Amended Complaint (Dkt. 26-12), proof of service of the Second Amended Complaint (Dkt. 26-13), a proposed judgment (Dkt. 26-15), and proof of service of the Motion (Dkt. 26-16), in compliance with Local Civil R. 55.1 and 55.2.

5

Plaintiff also provided evidence that Defendant is not on active military duty. (Dkt. 17-2 ¶ 26; Dkt. 26-13). Accordingly, the undersigned finds that Plaintiff has complied with the procedural requirements for a default judgment.

## II.     Subject Matter Jurisdiction

Jurisdiction over Plaintiff's claim is proper pursuant to 28 U.S.C. § 1331.

## III.    Liability

Plaintiff alleges that Defendant is liable under 42 U.S.C. § 254o(c)(1) for failure to complete his two-year service obligation under the NHSC LRP Contract. (Second Am. Compl. ¶ 3.) Because the terms of the Program's contracts are dictated by statute, Defendant's liability depends on whether he breached the Program's statutory framework. *See Singer v. Dep't of Health & Hum. Servs.*, 641 F. Supp. 2d 1219, 1227 (D. Utah 2009) (explaining that the "only relevant facts" to the question of whether a loan recipient was liable for failure to complete her contract "are those that are material in the NHSC LRP statutory framework").

In contracts under 42 U.S.C. § 254*l*-1, HHS agrees "to pay on behalf of individual loans," 42 U.S.C. § 254*l*-1(f)(1)(A)(i), "up to $50,000" "[f]or each year of obligated service that an individual contracts to serve." 42 U.S.C. § 254*l*-1(g)(2)(A). In exchange, the loan recipient "agrees to serve for a time period . . . equal to 2 years or such longer period as the individual may agree to, as a provider of primary health services in a health professional shortage area . . . to which such individual is assigned by the Secretary [of HHS]." 42 U.S.C. § 254*l*-1(f)(1)(B)(iv).

Here, Plaintiff agreed to pay Defendant $60,000 in exchange for Defendant agreeing to work full-time at Susan's Place for two years. (Contract § B; Second Am. Compl. ¶ 16.) Although Plaintiff disbursed $60,000 to Defendant (*id.*), Defendant did not fulfill his two-year commitment. (Second Am. Compl. ¶¶ 21-23.)

Accordingly, the undersigned respectfully recommends finding Defendant liable under 42 U.S.C. § 254*l*-1 for failure to complete his obligations under the Contract.

## IV. Damages

Defendant's damages are also determined by statute, *see Singer*, 641 F. Supp. 2d at 1225, which provides:

> (1) If . . . an individual breaches the written contract of the individual under section 254*l*-1 of this title by failing . . . to complete such service obligation, the United States shall be entitled to recover from the individual an amount equal to the sum of--
>
> > (A) the total of the amounts paid by the United States under section 254*l*-1(g) of this title on behalf of the individual for any period of obligated service not served;
> >
> > (B) an amount equal to the product of the number of months of obligated service that were not completed by the individual, multiplied by $7,500; and
> >
> > (C) the interest on the amounts described in subparagraphs (A) and (B), at the maximum legal prevailing rate, as determined by the Treasurer of the United States, from the date of the breach;
>
> except that the amount the United States is entitled to recover under this paragraph shall not be less than $31,000.

42 U.S.C. § 254*o*(c). This statutory requirement is also part of the Contract. (Contract § C.)

The damages under Section 254*o*(c)(1)(A) based on the time period during which Defendant was obligated, but failed, to serve are calculated as follows:

| No. of Days Between Aug. 1, 2011 & July 31, 2013 | Per Day Rate of Payment to Defendant | No. of Days Defendant Failed to Work at Susan's Place | Per Day Rate Multiplied by the No. of Days Not Worked |
|---|---|---|---|
| 731 | $82.08 ($60,000/731) | 547 | $44,897.40 |

In addition, pursuant to Section 254*o*(c)(1)(B), because Defendant failed to complete 18 months of service at Susan's Place, damages under this section are eighteen multiplied by $7,500.00, which is $135,000.00.

7

Finally, Section 254*o*(c)(1)(C) provides for interest on the sum of the amounts due under 42 U.S.C. § 254*o*(c)(1)(A) and (B) at the maximum legal prevailing rate at the time of the breach. (Dkt. 26-11.) The interest rates on overdue and delinquent debts during the Treasury Certification date of October to December 2011 for HHS Applications dated from January to March 2012 was 10.5%. (Second Am. Compl. Ex. I at 7.) *See also,*

https://www.hhs.gov/about/agencies/asfr/finance/financial-policy-library/interest-rates/index.html (last visited July 18, 2021).

| Amount due under 42 U.S.C. § 254*o*(c)(1)(A) | Amount due under 42 U.S.C. § 254*o*(c)(1)(B) | Total amount due under 42 U.S.C. § 254*o*(c)(1)(A) and (B) | Annual interest at 10.5% | Daily interest | No. of days between Feb. 1, 2012 and Jan. 25, 2021 | Interest due as of Jan. 25, 2021 |
|---|---|---|---|---|---|---|
| $44,897.40 | $135,000.00 | $179,897.40 | $18,889.23 | $51.75 | 3,282 | $169,843.50 |

Therefore, the total interest due from February 1, 2012 to January 25, 2021 is $169,843.50.

Accordingly, the undersigned respectfully recommends that Plaintiff be awarded damages in the total amount of $349,740.90, plus additional interest accruing at the rate of $51.75 per day from January 26, 2021 until the date of judgment.

## **CONCLUSION**

Based on the foregoing, the undersigned respectfully recommends that the Motion be granted and that default judgment be entered against Defendant in the amount of $349,740.90, comprised of $44,897.40 pursuant to 42 U.S.C. § 254*o*(c)(1)(A), $135,000.00 pursuant to 42 U.S.C. § 254*o*(c)(1)(B), and $169,843.50 interest as of January 25, 2021, plus additional interest accruing at the rate of $51.75 per day from January 26, 2021 until the date of judgment, pursuant to 42 U.S.C. § 254*o*(c)(1)(C).

Plaintiff is directed to serve this Report and Recommendation on Defendant forthwith and file proof of service on the docket by August 3, 2021. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         July 27, 2021